IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JACQUELINE HALL, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| NCO FINANCIAL SYSTEMS, INC., | : | |
| Defendant. | : | |

## COMPLAINT

Jacqueline Hall, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Jacqueline Hall, is a natural person residing in Polk County, Iowa.

4. Defendant NCO Financial Systems, Inc., (hereinafter, "NCO") does business in Iowa with its principle place of business located in Wilmington, Delaware.

5. NCO is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. NCO is attempting to collect an alleged debt from Ms. Hall for Mercy Hospital.

7. Hall explained to NCO that she had been working with Mercy directly, sorting out the details of her financial assistance paperwork. NCO told Hall "it's too late for that" then demanded payment.

8. NCO's representation to Hall was false as it was not too late for Hall to apply for financial assistance. NCO's misrepresentation was merely an attempt to coerce full payment from Ms. Hall.

9. On February 15, 2011, Hall's attorney sent a letter to NCO, informing it of Hall's representation by an attorney and demanding all further contact with Hall cease immediately.

10. Hall also informed NCO she was represented by an attorney. Hall provided her attorney's contact information and informed NCO all future communication should be directed to her attorney.

11. Despite Hall and her attorney's requests to cease communication with Hall directly, NCO has continued to call Hall in its attempts to collect the alleged debt.

## V. FIRST CLAIM FOR RELIEF

12. Defendant violated the FDCPA. Defendant's violations include, but are not Limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representations including but not limited to, telling Hall it was too late for her to apply for financial assistance from Mercy Hospital.

    b. Defendant violated 15 U.S.C. § 1692e(5) by taking action that cannot legally be taken; and

    c. Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting Hall when it was known, that she was being represented by an attorney.

13. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

14. All facts and allegations of this Complaint are incorporated herein by reference.

15. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

    a. Defendant violated Iowa Code § 537.7103(4) by using fraudulent, deceptive or misleading representations or means to collect a debt;

    b. Defendant violated Iowa Code § 537.7103(1) (f) by threatening to take an action prohibited by this chapter or any other law, including violations of Iowa Code § 714.16(2)(a);

    c. Defendant violated Iowa Code § 537.7103(4)(e) by intentionally misrepresenting or making a representation which tends to create a false impression of the character, extent or amount of a debt or of its status in a legal proceeding; and

    d. Defendant violated Iowa Code § 537.7103(5)(e) by contacting Hall when it was known that she was represented by an attorney.

16. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

    **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A. Actual damages.

B. Statutory damages.

C. Costs and reasonable attorney's fees.

D. For such other relief as the Court deems appropriate in the circumstances.

                                        Respectfully submitted,

                                        RAY JOHNSON
                                        AT0004019
                                        Johnson Law Firm
                                        950 Office Park Road
                                        Suite 335
                                        W. Des Moines, Iowa 50265
                                        Phone: (515) 224-7090
                                        Fax: (515) 222-2656
                                        Johnsonlaw29@aol.com